**Electronically Filed
Intermediate Court of Appeals
30554
10-MAY-2013
08:59 AM**

NO. 30554

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HUELO HUI, LP, Plaintiff-Appellee,
v.
QUINTIN KIILI, PATRICIA NISHIYAMA, and
GEORGE KIILI, Defendants-Appellants,
and
HEIRS AND ASSIGNS OF KOLEA (K); HEIRS AND ASSIGNS OF AMOE
AULIA (W); HEIRS AND ASSIGNS OF ALANA AULIA (W); HEIRS AND
ASSIGNS OF WAIWAIOLE (W); HEIRS AND ASSIGNS OF AULIA AH
LEONG(W); ALSO KNOWN AT AULIA KAWAA; HEIRS AND ASSIGNS OF
KALEIHEANA KEKIPI (W); HEIRS AND ASSIGNS OF HANAUWAHA (K);
HEIRS AND ASSIGNS OF KEOHO (K); ALSO KNOWN AS A. KEOHO (K);
HEIRS AND ASSIGNS OF KAOLULU (W); J.B. AH LEONG (K); PETER
KEKIPI; STATE OF HAWAII; COUNTY OF MAUI; OFFICE OF HAWAIIAN
AFFAIRS; and the following owners of adjoining lands; TERI L.
TAVARES, Trustee under the Teri L. Tavares Trust; DEBRA A.
HIPOLITO, Trustee under Declaration of Revocable Trust of
Debra A. Hipolito; BRUCE JAMES MCKINNEY; EVAN G. MCKINNEY;
STATE OF HAWAII; JOSEPH C. CARO, ELIZABETH M. CARO; RICHARD J.
HOEHN; BARBARA WINTER-COHEN; MOSES KAHILI KIAKONA; CHARLES
NAPIOONLANI KIAKONA; EAST MAUI IRRIGATION CO.; GREGORY R.
CHONG KEE; EDWARD MODESTINI; COUNTY OF MAUI; HO'OLAWA POINT
HOMEOWNERS' ASSOCIATION, INC., and Heirs of persons named
above who are deceased, or persons holding under said Heirs,
and spouses, assigns, successors, personal representative,
executors, administrators, and trustees of persons named above
who are deceased; DOES 1 through 100; and all other persons
unknown claiming any right, title, estate, lien or interest
in the real property described and TO ALL WHOM IT MAY CONCERN,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0755(3))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendants-Appellants Quintin Kiili, Patricia
Nishiyama, and George Kiili ("Kiili Defendants"), appearing pro
se, appeal from the May 12, 2010 Final Rule 54(b) Judgment and

Decree, entered in favor of Plaintiff-Appellee Huelo Hui, LP ("Huelo Hui") by the Circuit Court of the Second Circuit ("Circuit Court").[1]

On appeal of this quiet title action relating to three parcels of real property on the Island of Maui, the Kiili Defendants argue that the Circuit Court erred in granting the Huelo Hui's Motion for Partial Summary Judgment ("MPSJ") because (1) the warranty deed dated July 24, 1878 ("July 1878 Deed"), purporting to convey Makue's, Haole's and Kanehoalani's rights in a portion of Royal Patent Grant 1142 ("Grant 1142"), is invalid, because Haole's and Kanehoalani's rights did not vest until probate of Keoho's estate, and execution of the deed predated probate; (2) on October 8, 1878, Makue testified that he and his brother Keoho "purchased 126 acres from Lot," but there is no declaration in Probate Number 883 from Makue that he and Keoho sold their 126 acres of land to T. Akanaliilii; (3) the July 1878 Deed is a "fraudulent deed" because it does not have "two seals on it"; (4) according to a July 24, 1879 mortgage deed from, among others, T. Akanaliilii to C. Brewer & Co., "Akanaliilii & Co. claimed that the land that was mortgage[d] to C. Brewer from Akanaliilii & Co. is land leased from [Makue]"; and (5) it is unclear whether Haole and Kanehoalani were daughters or nieces of Keoho. The Kiili Defendants also argue that the Circuit Court erred by (6) "not granting appellant[s] rights to a Jury Trial."

Upon careful review of the record and the briefs submitted by the parties,[2] and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Kiili Defendants' points of error as follows:

(1) The Kiili Defendants claim to be the heirs of Makue, not of Keoho, Haole, or Kanehoalani. Even if any of the

---

[1] The Honorable Joseph E. Cardoza presided.

[2] The Kiili Defendants' opening brief does not comply with many of the provisions of Hawai'i Rules of Appellate Procedure Rule 28(b). Nevertheless, "this court observes a policy of affording pro se litigants the opportunity to have their cases heard on the merits, where possible." *Hawaiian Props., Ltd. v. Tauala*, 125 Hawai'i 176, 181 n.6, 254 P.3d 487, 492 n.6 (App. 2011) (citation and internal quotation marks omitted). Therefore, we address the Kiili Defendants' arguments to the extent that we can discern them.

signatories of the July 1878 Deed lacked conveyable title on the date of execution, this would not invalidate the deed or Makue's conveyance. The July 1878 Deed is, as the Kiili Defendants recognize, a warranty deed. "A grantor who executes a deed purporting to convey land to which he has no title or to which he has a defective title at the time of the conveyance will not be permitted, when he afterward acquires a good title to the land, to claim in opposition to his deed as against the grantee or any person claiming title under him." 23 Am. Jur. 2d *Deeds* § 277 (2002). Thus, "[a] deed may have the effect of passing to the grantee a title subsequently acquired by the grantor." *Id.*; *Raines v. Walker*, 77 Va. 92, 95 (1883) ("If a person conveys land with general warranty, and does not own it at the time, but afterwards acquires the same land, such acquisition enures to the benefit of the grantee.").

In other words, a warranty deed executed by a party without title is not necessarily invalid or void. Thus, whether Haole or Kanehoalani had acquired title to the land prior to execution of the July 1878 Deed is not determinative of the validity of their or Makue's conveyance. Therefore, the Kiili Defendants' argument is without merit.

Even if we were to assume for the sake of argument that actual ownership at the time a related warranty deed is executed matters, the Kiili Defendants fail to show that, under Hawaiʻi Kingdom law, administration was required for title in real property to vest in heirs of an intestate ancestor. Under Hawaiian Kingdom law, in fact, an intestate ancestor's rights and title to real property descended to his or her heirs at the time of death. *See Kaleleonalani v. Comm'rs. of Crown Lands*, 6 Haw. 454, 457-58 (Haw. Kingdom 1884). This is consistent with Hawaiʻi common law. *See Serion v. Thornton*, 104 Hawaiʻi 79, 87 n.12, 85 P.3d 186, 194 n.12 (App. 2004); see also 26B C.J.S. *Descent and Distribution* § 83 (2011).

Section 1455 of the Kingdom Civil Code merely provided that one heir may elect to buy the other heir's interests to the land through a legal mechanism that would force the other heirs to convey their interests in exchange for a price set by a

probate court's appraisal. *See* Compiled Laws of the Hawaiian Kingdom § 1455, at 77-78 (1884). Section 1455 does not indicate that title passes to heirs only upon administration. Furthermore, there is no indication that any of Keoho's heirs ever elected to use this procedure.

The Kiili Defendants' failed to present a dispute of material fact and, therefore, did not establish that the Circuit Court erred by granting the MPSJ.

(2) The Kiili Defendants' do not identify where in the record they raised the issue involved in their second point of error to the Circuit Court. As such, the point may be disregarded. Haw. R. App. P. 28(b)(4). In addition, our independent review finds that the issue was raised only after the Circuit Court had already orally granted the MPSJ on April 9, 2010. As such, the point is waived. HAW. REV. STAT. § 641-2 (Supp. 2012) ("The appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner."); Haw. R. App. P. 28(b)(7).

In any event, the argument is without merit as well. Huelo Hui demonstrated that Makue, along with and Keoho's heirs and their husbands, executed the July 1878 Deed. The Kiili Defendants fail to present any reason why Makue was required to testify in the probate proceedings that he had sold a portion of his interest in Grant 1142 in order to prevent that conveyance from being infirm.

(3) The Kiili Defendants cite to no statute requiring that a valid deed bear two seals, instead citing to section 1254 of the civil code, which states that: "It shall not be lawful to *record* any conveyance, or other instrument required by law to be stamped, unless the same shall have been previously impressed with the Royal stamp, as provided in Section 422(a)." *See* Compiled Laws of the Hawaiian Kingdom § 1254, at 406 (emphasis added). Section 1254 simply made explicit that an unstamped document could not lawfully be recorded in the Bureau of Conveyances.

Contrary to the Kiili Defendants' claim, according to Hawai'i Kingdom case law, an unstamped document was not

necessarily invalid. *See Hilo Sugar Co. v. Mioshi,* 8 Haw. 201, 207-08 (Haw. Kingdom 1891) ("The want of a stamp does not make the contract invalid. . . . The object of the law was to obtain revenue for the Government."). Thus, the Kiili Defendants' argument that the July 1878 Deed is fraudulent because it lacks a stamp is without merit.

Furthermore, it is undisputed that the July 1878 Deed was recorded in the Bureau of Conveyances. A note on the face of the document indicates that the deed had been "Stamped" for $2. Pursuant to Hawaiian Kingdom law, the Registrar of Conveyances would not have recorded the deed if the instrument had not been properly stamped. The Kiili Defendants present no basis upon which the Circuit Court could have concluded that the July 1878 Deed was improperly recorded or unenforceable.

(4) The Kiili Defendants appear to argue that in a July 24, 1879 mortgage deed, "Akanaliilii & Co. claimed that the land that was mortgage[d] to C. Brewer from Akanaliilii & Co. is land leased from MAKUE." The point of the statement is unclear and is therefore insufficiently presented for review on appeal. Haw. R. App. P. 28(b)(7).

(5) The Kiili Defendants appear to suggest that it is unclear whether Kanehoalani or Haole are daughters or nieces of Keoho. A review of the record does not reveal that, and Appellants do not identify for us where or when this argument was raised in the proceedings before the Circuit Court. Thus, this argument, too, is waived. *Haw. Ventures, LLC v. Otaka, Inc.,* 114 Hawaiʻi 438, 500, 164 P.3d 696, 758 (2007).[3/]

(6) Granting a motion for summary judgment makes a trial unnecessary where no dispute of material fact exists. *See Haw. Prince Hotel Waikiki Corp. v. City & Cnty. of Honolulu,* 89 Hawaiʻi 381, 393, 974 P.2d 21, 33 (1999). Since the Kiili Defendants have failed to show that the Circuit Court erred in granting the MPSJ, they cannot show that they are entitled to a jury trial. Therefore,

---

[3/] Furthermore, testimony given in Probate Number 883 indicates that Kanehoalani and Haole were Keoho's children. Nevertheless, the Kiili Defendants fail to argue how this would invalidate any of Makue's conveyances.

The May 12, 2010 Final Rule 54(b) Judgment and Decree filed in the Circuit Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, May 10, 2013.


On the briefs:

Quintin K. Kiili,
Patricia R. Nishiyama, and
George M. Kiili,
Pro Se Defendants-Appellants.


Tom C. Leuteneker
(Carlsmith Ball LLP)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge